In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Thomas W. McLEAN, Attorney at Law.

Supreme Court

*No. 83–254–D. Filed August 30, 1983.*
(Also reported in 337 N.W.2d 831.)

*PER CURIAM. Attorney disciplinary proceeding; attorney publicly reprimanded.*

On February 11, 1983, the Board of Attorneys Professional Responsibility (Board) filed a complaint with the court alleging that Thomas W. McLean, an attorney admitted to practice in Wisconsin in 1950 and who practices in Nekoosa, was guilty of unprofessional conduct in the course of his probate of several estates. The complaint alleged that the respondent was retained in 1978 to probate the estate of Jeske. The inventory in that estate was filed on April 12, 1978, and in December of that year a second personal representative was named following the death of the first. When the estate was not completed by February of 1981, the personal representative filed a grievance against the respondent with the Board. The Board notified the respondent of the grievance, requesting that he reply within 20 days. No reply was received within that time, and the Board sent

the respondent a second letter, to which he responded. The Board and the district seven professional responsibility committee continued to have contact with the respondent concerning the completion of that estate, and the respondent appeared before the district committee on February 18, 1982, at which time he was given until May 4, 1982, to close the estate. When the estate was not closed by that date, at least eight letters passed between the respondent and the committee chairman concerning the closing of the estate. The estate was not closed until August, 1982. The Board alleged that the respondent's conduct in the Jeske estate constitutes gross neglect of a legal matter, in violation of SCR 20.32 (3) and a failure to properly cooperate with the Board and the district grievance committee, in violation of SCR 22.07 (2). A second count of unprofessional conduct in the complaint alleged that, during the course of its investigation of the Jeske matter, the Board learned that the respondent had been dilatory in closing five other estates, which conduct constitutes gross neglect of legal matters, in violation of SCR 20.32 (3).

We referred the matter to the Honorable Rodney L. Young, Reserve Judge, as referee, pursuant to SCR 21.09 (4). The respondent filed an answer on March 2, 1983, in which he admitted his failure to timely close the Jeske estate but denied that he intentionally failed to cooperate with the Board and local committee, alleged that the failure was due, in part, to the personal representative's having failed to promptly return her waiver for hearing and receipt and denied that he had been dilatory in the closing of the other estates.

The parties entered into a stipulation on June 6, 1983, in which were outlined the steps the respondent took in closing the Jeske estate following his appearance before the district grievance committee, as well as the steps taken in the other five estates and his reasons

for the delays in closing them. A hearing was held on June 17, 1983, and the referee filed his report and recommendation with the court on July 14, 1983.

In his report, the referee made findings of fact consistent with the stipulation, found that no "plausible reason" was given for the respondent's failure to proceed with the probate of the Jeske estate or for his failure to close the estate in 1981 and found, as to the other five estates, that (1) a no asset estate remained open after seven years because the respondent neglected to close it, (2) an estate was left open for four and one-half years without explanation, (3) a no asset estate remains open because of the respondent's failure to obtain a discharge of the special administrator and to close the estate, (4) an estate was closed after two and one-half years, only with substantial court attention, but the personal representative in that estate was not discharged until one year later, with the only reasons given that the respondent's fee had not been paid and that the personal representative did not deliver receipts to him, and (5) there was no plausible excuse or explanation given for the two and one-half year period that an estate remained open, notwithstanding numerous communications from the court to the respondent and from the personal representative to the court seeking the completion of the estate. The referee also found that the respondent's neglect of his clients' interests and his procrastination in the delayed closing of these estates did not result in any monetary loss to his clients.

The referee concluded that the respondent's unexcused delays in probating the Jeske estate over a period of five years constitutes neglect of a legal matter entrusted to him, in violation of SCR 20.32(3), that his failure to fulfill promises made to the Board to immediately close the estate, thereby necessitating the close monitoring of the estate by a local district professional responsi-

bility chairman, constitutes misconduct, in violation of SCR 21.03 (4) and 22.07 (2), and that his conduct in the probate of each of the other five estates constitutes neglect of legal matters, in violation of SCR 20.32 (3). The referee recommends that the respondent be publicly reprimanded for his unprofessional conduct, that he be required to pay the costs of the disciplinary proceeding within 30 days and that he be required to submit satisfactory proof to the Board within 30 days that the remaining open estate has been closed. The referee also recommends that if the costs are not paid and satisfactory proof of the closing of the open estate is not furnished within 30 days, the respondent's license to practice law in Wisconsin be suspended until the costs are paid and the estate is closed.

We hereby accept the findings, conclusions and recommendation of the referee.

IT IS ORDERED that Thomas W. McLean is publicly reprimanded for his unprofessional conduct in the probate of these estates.

IT IS FURTHER ORDERED that within 30 days of the date of this order Thomas W. McLean pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding in the amount of $1,905.60 and furnish the Board of Attorneys Professional Responsibility satisfactory proof that the Zuege estate has been closed, provided that if the costs are not paid and the proof furnished within the time specified, the license of Thomas W. McLean to practice law in Wisconsin shall be suspended forthwith.